**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**THOMAS MANNING HOOK,**

        **Plaintiff,**

**v.**                                                         **Case No. 8:17-cv-1100-T-33TBM**

**JUDGE REINALDO OJEDA,**

        **Defendant.**

_____/

**REPORT AND RECOMMENDATION**

THIS MATTER is before the Court on Thomas Manning Hook's Affidavit of Indigency (Doc. 2), which the Court construes as a motion to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915(a).

For the reasons explained below, I find that the Complaint fails to state a cognizable claim; therefore, I recommend that the construed motion be denied and the Court dismiss the action.

**I.**

Pursuant to 28 U.S.C. § 1915:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.  Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1).

The statute also provides that "the court shall dismiss the case at any time if the court determines that the allegation of poverty is untrue; or the action ... is frivolous[1] or malicious; fails to state a claim on which relief may be granted;[2] or seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2).

The Federal Rules of Civil Procedure also inform review under § 1915.  First, "a civil action is commenced by filing a complaint with the court."  Fed. R. Civ. P. 3.  Federal Rule of Civil Procedure 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This requirement ensures that the defendant is given fair notice of what the claim is and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).  Therefore, "a complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008) (internal quotation marks and alterations omitted), abrogated on other grounds by *Iqbal*, 556 U.S. 662, and *Twombly*, 550 U.S. 544.  In addition, Rule 8 requires "a short and plain statement of the grounds for the court's jurisdiction."  Fed. R. Civ. P. 8(a)(1).

---

[1]A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted).  The court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.*

[2]Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Fed. R. Civ. P. 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).  Under that standard, the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

2

Further, the allegations in the complaint "must be simple, concise, and direct," Fed. R. Civ. P. 8(d)(1), and the complaint must "state its claims ... in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

In conducting its review, the Court is mindful that *pro se* pleadings are to be construed liberally and held to a less stringent standard than pleadings drafted by attorneys. *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014) (citations omitted). However, notwithstanding that standard, a *pro se* plaintiff is still "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

## II.

While Mr. Hook's Affidavit reveals that he likely qualifies as indigent for the purposes of § 1915, I nonetheless find that his Complaint fails to state claim upon which relief may be granted.

On May 10, 2017, Mr. Hook initiated this action, naming as defendant Reinaldo Ojeda, whom he identifies as a Circuit Court Judge in the Tenth Judicial District, Polk County Florida. (Doc. 1). He states that the judge violated his legal and civil rights and due process by denying valid evidence that proved the crimes of perjury, false imprisonment, and more by state and county officials and by failing to hold hearings on motions supporting criminal acts by prosecutors and the court. *Id.* at 6. In short, the Complaint states that the plaintiff, as a *pro se* criminal defendant, was deprived of various constitutional rights by Judge Ojeda. Based on the allegations, he appears to allege that the judge failed to consider evidence gathered by Plaintiff that he claims proved the Assistant State Attorney Nelson and Detective Carpenter were

3

committing crimes in the prosecution of Mr. Hook in the state court action.  When Mr. Hook reported the misconduct, he claims that to prevent federal investigation and involvement, the state court found him incompetent so that it could suspend the state court case and avoid federal involvement.  *Id.* at 6–9.

While case law recognizes that "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (quotation marks omitted), I conclude that the Complaint should be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff's Complaint, a rambling compilation of statements, does not comply with Rules 8 and 10 of the Federal Rules of Civil Procedure, which requires a short and plain statement in numbered paragraphs, showing that he is entitled to relief.

In any event, the state court judge, on the face of the complaint, would be entitled to immunity. Judge Ojeda is entitled to absolute judicial immunity from damages arising from those acts taken in his judicial capacity unless he acted in the clear absence of all jurisdiction. *Sibley v. Lando,* 437 F.3d 1067, 1070 (11th Cir. 2005) (citing *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000)).  Whether an act is done within a judge's judicial capacity is determined by reference to "the nature of the act itself, *i.e.,* whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.,* whether they dealt with the judge in his official capacity." *Mireles v. Waco,* 502 U.S. 9, 12 (1991) (quotation omitted).  By the allegations in the Complaint, the complained-of actions taken by Judge Ojeda were taken in his judicial capacity while presiding in criminal court in the Tenth Judicial Circuit in Polk County, Florida.  To the extent Plaintiff contends Judge Ojeda acted in absence of jurisdiction, a judge does not act in the "clear

4

absence of all jurisdiction" when he acts erroneously, maliciously, or in excess of his authority, but rather when he acts entirely without subject matter jurisdiction.  *Dykes v. Hosemann,* 776 F.2d 942, 947–48 (11th Cir. 1985); *see also Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). The allegations do not demonstrate that such is the case here.

### III.

Accordingly, I **RECOMMEND** that the Court **DENY** Plaintiff's construed motion to proceed *in forma pauperis* (Doc. 2) and **DISMISS** the Complaint (Doc. 1).

Respectfully submitted this
5th day of July 2017.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Copies to:
The Honorable Virginia M. Hernandez Covington, United States District Judge
Thomas Manning Hook, *pro se*