```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

THOMAS MANNING HOOK,

      Plaintiff,
v.                                   Case No. 8:17-cv-1100-T-33TBM

HONORABLE REINALDO OJEDA,

      Defendant.
_____/

## ORDER

This matter is before the Court on consideration of United States Magistrate Judge Thomas B. McCoun's Report and Recommendation (Doc. # 5), filed on July 5, 2017, recommending that Plaintiff's construed Motion for Leave to Proceed *in forma pauperis* be denied. Judge McCoun also recommends that the case be dismissed as frivolous. The Report and Recommendation provided that Plaintiff had an opportunity to object during a finite, 14-day period. (<u>Id.</u> at 5). However, rather than objecting to the Report and Recommendation, Plaintiff filed a Motion requesting court appointed counsel (Doc. # 6) and a Motion to continue. (Doc. # 7). As explained below, the Court denies Plaintiff's Motions, adopts the Report and Recommendation, and dismisses the case as frivolous.

**I.   Motion to Appoint Counsel and Motion to Continue**

Plaintiff, an individual appearing pro se, requests that the Court appoint counsel to assist in prosecuting this

matter. Title 28 U.S.C. § 1915(e)(1) provides that "[t]he court may request an attorney to represent any person unable to afford counsel." However, the appointment of counsel in a civil case is not guaranteed and lies within the discretion of the trial court. Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999) (citations omitted).

"The appointment of counsel is [ ] a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987) (citations omitted).

> The key is whether the *pro se* litigant needs assistance presenting the essential merits of his position to the court. The following factors determine whether exceptional circumstances exist: (1) the type and complexity of the case; (2) whether the litigant is capable of adequately presenting his case; (3) whether the litigant is in a position adequately to investigate the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination.

Burgess v. Bradshaw, 626 F. Appx. 257, 259 (11th Cir. 2015). Further, The Supreme Court has explained that appointment of counsel in a civil case may be appropriate when "quasi-criminal penalties or severe civil remedies are at stake, such as those in a civil commitment proceeding or when

an indigent risks losing his or her child in a custody case." Washington v. United States, 93 Fed. Cl. 706, 708–09 (Fed. Cl. 2010). Thus, "only in civil cases that present an extreme hardship to petitioner are courts empowered to cause legal assistance to be provided." Id.

Plaintiff has not discussed the factors relevant to the appointment of counsel or otherwise demonstrated any reason why the Court should appoint counsel to represent him. This is not a case in which exceptional circumstances justify the appointment of counsel to a pro se plaintiff, and the Court accordingly denies the Motion for Appointment of Counsel.

In addition, Plaintiff has not advanced any specific reason for the requested continuance. In the Motion to Continue, Plaintiff requests "a continuance for the above listed cause in order to allow plaintiff the time to file and receive rulings on existing and connected court motions in order to receive a fair hearing and ensure justice." (Doc. # 7). Finding the Motion to be devoid of substance, the Court denies the Motion for a Continuance.

## II. Report and Recommendation and Dismissal of Complaint

The Report and Recommendation explains that Plaintiff's Complaint names a state Circuit Court Judge as the Defendant. And, "Judge Ojeda is entitled to absolute judicial immunity

-3-

from damages arising from those acts taken in his judicial capacity unless he acted in the clear absence of all jurisdiction. Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005)." (Doc. # 5 at 4). Because the Complaint seeks to impose liability upon an individual immune from suit, the Magistrate Judge recommends denial of *in forma pauperis* status and further recommends dismissal of the Complaint as frivolous.

As of this date, there are no objections to the report and recommendation, and the time for the parties to file such objections has elapsed.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982). In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo*, Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. S. Ry. Co., 37 F.3d

-4-

603, 604 (11th Cir. 1994); <u>Castro Bobadilla v. Reno</u>, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), <u>aff'd</u>, 28 F.3d 116 (11th Cir. 1994).

After conducting a careful and complete review of the findings, conclusions and recommendations, and giving *de novo* review to matters of law, the Court accepts the factual findings and legal conclusions of the Magistrate Judge and the recommendation of the Magistrate Judge.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1)  The Report and Recommendation (Doc. # 5) is **ACCEPTED** and **ADOPTED.**

(2)  Plaintiff's construed Motion for Leave to Proceed *in forma pauperis* (Doc. # 2) is **DENIED.**

(3)  Plaintiff's Motion for Appointed Counsel (Doc. # 6) is **DENIED.**

(4)  Plaintiff's Motion for Continuance (Doc. # 7) is **DENIED.**

(5)  This action is **DISMISSED.**

(6)  The Clerk shall **CLOSE THIS CASE.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>25th</u> day of July, 2017.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE